**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-11 4694

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y
★ SEP 27 2011 ★
LONG ISLAND OFFICE

——————————————————————— X

John Hearn

                        **Plaintiff**

-against-

Pinnacle Financial Group, Inc.

                        **Defendant**

Docket No.

TOWNES, J.

ORENSTEIN, M.J.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TRIAL BY JURY DEMANDED**

———————————————————————

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collector because the Defendant debt collector is continuously reporting false and derogatory credit information about the Plaintiff to national credit reporting agencies.

2. This is an action for damages brought by two individual consumers for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337. Venue in this District is proper in that the

Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

### III. PARTIES

4. Plaintiff, John Hearn, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant Pinnacle Financial Group, Inc. (hereinafter "Pinnacle") is a business engaged in collecting debts in this state.

6. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was alleged to have been incurred for a cell phone bill.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

13. The Defendant alleges that the Plaintiff owes a debt for a cellular phone bill. The Plaintiff disputes the debt.

14. In or around November 2008, the Defendant began to telephone the Plaintiff in an attempt to collect the alleged debt.

15. In November 2008, the Plaintiff sent the Defendant a letter disputing the alleged debt and demanding verification of the debt.

16. The Defendant has never sent the Plaintiff verification of the alleged debt.

17. Subsequent to the November 2008, the Defendant has attempted to collect the alleged debt from Plaintiff.

18. In March 2011, the Defendant reported to the credit reporting agency Equifax that the Plaintiff owed the alleged debt.

19. In March 2011 when the Defendant reported to Equifax that the Plaintiff owed the alleged debt, the Defendant did not tell Equifax that the Plaintiff disputed the alleged debt.

20. In March 2011, the Defendant reported to the credit reporting agency Experian that the Plaintiff owed the alleged debt.

21. In March 2011 when the Defendant reported to Experian that the Plaintiff owed the alleged debt, the Defendant did not tell Equifax that the Plaintiff disputed the alleged debt.

22. The Plaintiff's Equifax and Experian credit reports containing the erroneous credit information reported by Defendant, were viewed by third parties.

23. The defendant did not provide the Plaintiff with the notices required by 15 USC 1692g.

## V. CAUSES OF ACTION UNDER THE FDCPA

24. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

30. The acts and omissions of the Defendant as described herein violate several provisions of the FDCPA including but not limited to the following:

A. Defendant violated 15 U.S.C Section 1692e;

B. Defendant violated 15 U.S.C Section 1692e (2);

C. Defendant violated 15 U.S.C. Section 1692e(5);

D. Defendant violated 15 U.S.C. Section 1692e(8);

E. Defendant violated 15 U.S.C. Section 1692e(10)

F. Defendant violated 15 U.S.C. Section 1692g(a)

G. .Defendant violated 15 U.S.C. Section 1692g(b)

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages;

2. Statutory damages;

3. Costs and reasonable attorney's fees;

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff